Opinion issued January 20, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01013-CR

NO. 01-09-01014-CR

NO. 01-09-01015-CR

———————————

James Dean Martin,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 405th District Court

Galveston
County, Texas



Trial Court Case Nos. 09CR0384, 09CR0385,
09CR2573

 



 

MEMORANDUM OPINION

Appellant,
James Dean Martin, was found guilty by a jury of retaliation, child
endangerment, and use of a terroristic threat. 
Appellant pleaded not guilty to all charges. The appellant chose to have
the jury set his punishment, and the jury assessed punishment.  The offenses were enhanced by two prior
offenses of indecency with a child, to which appellant pleaded true.  The jury assessed a sentence of 99 years’
confinement for retaliation, 20 years’ confinement and a $10,000 fine for
endangering a child, and 365 days’ confinement in county jail and $4,000 fine
for use of a terroristic threat.  The
trial court certified that this not a plea bargain case and that appellant has
the right of appeal.  Appellant timely
filed a notice of appeal. 

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw, along with an
Anders brief stating that the record
presents no reversible error and that therefore the appeal is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).  We affirm trial court’s judgment and grant
counsel’s motion to withdraw. 

          An
attorney has an ethical obligation to refuse to prosecute a frivolous appeal.  In re
Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous,
his obligation to his client is to seek leave to withdraw.  Id.
at 407.  Counsel’s obligation to the
appellate court is to assure it, through an Anders
brief, that, after a complete review of the record, the request to withdraw is
well-founded. Id. 

          We
may not grant the motion to withdraw until:

(1)     the attorney has sent a copy of her Anders brief to his client, along with a
letter explaining that the defendant has the right to file a pro se brief
within 30 days, and he has ensured that his client has, at some point, been
informed of his right to file a pro se petition for discretionary review; 

(2)     the attorney has informed us that he has
performed the above duties; 

(3)     the defendant has had time in which to file
a pro se response; and

(4)     we have reviewed the
record, the Anders brief, and any pro
se brief.

 

See id. at 408–09.  If we agree that the appeal
is wholly frivolous, we will grant the attorney’s motion to withdraw and affirm
the trial court’s judgment. See Garner v.
State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If we conclude that
arguable grounds for appeal exist, we will grant the motion to withdraw, abate
the case, and remand it to the trial court to appoint new counsel to file a brief
on the merits.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005). 


          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978). Counsel discusses the evidence, supplies us with
references to the record, and provides us with citation to legal authorities.  Counsel indicates that he has thoroughly
reviewed the record and that he is unable to advance any grounds of error that
warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154
(Tex. App.—Houston [1st Dist.] 2006, no pet.). 


          Appellant
filed a pro se response, arguing (1) that he has been denied the right to
severance of all offenses; (2) that he has been denied “fair and qualified”
indigent defense counsel; (3) that no evidence exists to support his conviction
of retaliation; (4) that evidence was insufficient or contrary to the evidence
to support the allegation of retribution in his retaliation conviction; (5)
that the State failed to prove the underlying crime existed and that “crime” is
not defined under the retaliation statute; (6) that no evidence exists to
support the verdict or is contrary to the allegations; (7) that the child
endangerment statute is unconstitutional on its face and unconstitutionally
applied; (8) that, on the child endangerment charge, the court gave erroneous
jury instructions and mislead the jury about the law; (9) that no evidence
exists to support the claim that appellant did not surrender his daughter to an
emergency care provider; (10) that the verdict was contrary to law and
evidence; (11) that the jury was selected improperly by an unauthorized person;
(12) that there was insufficient evidence to support his conviction of
endangerment; and (13) that the penal code does not contemplate the child
endangerment offense under which he was charged.  

          We
have independently reviewed the entire record, and we conclude that no
reversible error exists, that there are no arguable grounds for review, and
that, therefore, the appeal is frivolous. 
See Schulman, 252 S.W.3d at
407 n.12 (explaining that appeal is frivolous when it does not present any
argument that could “conceivably persuade the court”); Bledsoe, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and
not counsel—determines, after full examination of proceedings, whether appeal
is wholly frivolous).  Although we may
issue an opinion explaining why the appeal lacks arguable merit, we are not
required to do so. See Garner, 300
S.W.3d at 767.  An appellant may
challenge a holding that there are no arguable grounds for appeal by filing a
petition for discretionary review in the Court of Criminal Appeals. See Bledsoe, 178 S.W.3d 827 & n.6.

          We
grant counsel’s motion to withdraw[1]
and affirm the trial court’s judgment. 
Attorney Kelly W. Case must immediately send the notice required
by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with
the Clerk of this Court.  See Tex.
R. App. P. 6.5(c).  

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           Appointed counsel still has a duty to inform appellant of
the result of this appeal and that he may, on his own, pursue discretionary
review in the Texas Court of Criminal Appeals. 
See Bledsoe v. State, 178 S.W.
3d 824, 826–27 (Tex. Crim. App. 2005).